UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JEFFREY A. STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 4:17-CV-075-HSM-SKL |
| v. | ) |
| | ) |
| AUSTIN SWING, JASON WILLIAMS, TIM LOKEY, MARY WEST, JEREMY BEECH, RONNIE WARREN, TYLER POWELL, and TANYA EDWARDS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On June 21, 2019, the Court entered an order providing that Plaintiff had thirty days from the date of entry of the order file an amended complaint, which the Clerk sent to both addresses for Plaintiff listed in the complaint [Doc. 5 p. 3]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss the case for failure to prosecute and failure to follow the Court's orders [*Id.* at 4]. More than thirty days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner whom the Court granted leave to proceed *in forma pauperis* in this matter [Doc. 3] and Plaintiff has not responded to the Court's most recent order, updated his address, or otherwise communicated with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Further, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED**.

                                            */s/ Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE